UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

ROBERT NELSON,

        Plaintiff,

                        Case No. 2:25-cv-221

v.

                        Honorable Ray Kent

MARQUETTE BRANCH PRISON
HEALTH SERVICES et al.,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* in a separate order. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 1, PageID.6.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros.,*

*Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

2

consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Marquette Branch Prison (MBP) in Marquette, Marquette County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues MBP itself, MBP Health Services, and Unknown Party #1, referred to as Sally. (Compl., ECF No. 1, PageID.2.)

Plaintiff alleges that on March 12, 2025, he was prescribed an inhaler to replace one that he had lost. (*Id.*, PageID.3.) That same day, Defendant Sally, a nurse, was passing out medications

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

and asked Plaintiff if he possessed an inhaler to trade for the new one. (*Id.*) Plaintiff told her that he had already spoken to the doctor about replacing the one that he had lost. (*Id.*)

Plaintiff claims that despite that information, Defendant Sally denied him his inhaler. (*Id.*) Later that night, Plaintiff experienced an asthma attack while sleeping. (*Id.*) Plaintiff contends that he "also spoke with other nurses that take turns [and] work in the unit." (*Id.*) Plaintiff had another asthma attack while sleeping on March 21, 2025. (*Id.*) He "reach[ed] out again to [the] nurses and was still neglected." (*Id.*)

Plaintiff goes on to state that he had been waiting for a new inhaler from July until September of 2025. (*Id.*, PageID.4.) He has experienced a few asthma attacks while waiting. (*Id.*) Plaintiff had medical callouts in August but still did not receive his inhaler. (*Id.*) Plaintiff alleges that he has "talk[ed] with the nurs[e] that [he sees] everyday and [is not] getting [anywhere]." (*Id.*) Plaintiff claims that he is "not getting the help that [he] need[s] and [he is] afraid to sleep." (*Id.*)

Plaintiff then backtracks to February, when his wrist was injured from being handcuffed by officers while unconscious. (*Id.*, PageID.5.) Plaintiff woke up and felt that his circulation had been cut off. (*Id.*) Plaintiff alleges that he suffered cuts, marks, and a swollen wrist. (*Id.*) Plaintiff submitted medical kites, but did not receive help until March, when a male nurse looked at his wrist. (*Id.*) Plaintiff claims that a doctor told Plaintiff that he would prescribe "wrist cream medication," but that Plaintiff never received it. (*Id.*) Plaintiff submitted a few more kites about his wrist, but was called out "to get blood." (*Id.*) He contends that he has not received treatment for his wrist, and that MBP Health Services "always take[] long periods of time before they see everybody." (*Id.*)

4

Based on the foregoing, the Court construes Plaintiff's complaint to raise Eighth Amendment claims premised upon the denial of adequate medical care. Plaintiff seeks $1 million in damages. (*Id.*, PageID.6.)

## II.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr.*

5

*Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

        **A.**        **Claims against MBP and MBP Health Services**

As noted *supra*, Plaintiff has named MBP and MBP's Health Services department as Defendants in this matter. As this Court noted in *Ryan v. Corizon Health Care*, No. 1:13-cv-525, 2013 WL 5786934 (W.D. Mich. Oct. 28, 2013), "individual prisons named as Defendants . . . (ICF, IBC, LRF and RGC) are buildings used by the MDOC to house prisoners. They are not the proper public entity for suit." *Id*. at *7; *see also Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) ("The McCracken County Jail is not a legal entity susceptible to suit . . . [; i]t is a department of the county . . . ."); *Caruthers v. Corr. Medical Serv., Inc.*, No. 1:10-cv-274, 2010 WL 1744881, at *1 (W.D. Mich. Apr. 27, 2010) ("The Duane Waters Hospital is not an entity capable of being sued. Rather, it is a building owned by the Michigan Department of Corrections."); *Poole v. Michigan Reformatory*, No. 09-CV-13093, 2009 WL 2960412, at *1 (E.D. Mich. Sept. 11. 2009) ("Plaintiff names the Michigan Reformatory, the Earnest C. Brooks Correctional Facility, and the Macomb Correctional Facility as defendants in this action. Those entities, however, are institutions operated by the MDOC and are not . . . legal entities subject to suit . . . .").

Moreover, § 1983 expressly requires that a named defendant be a "person." *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). However, neither the State of Michigan nor the MDOC is a "person" within the meaning of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (holding a state is not a "person"); *Parker v. Mich. Dep't of Corr.*, 65 F. App'x 922, 923 (6th Cir. 2003) (citing *Will* and holding that the MDOC is not a "person."). And, because MBP and its departments are not entities separate from the MDOC, they are not "people" under

6

§ 1983 either. *See, e.g.*, *Tinney v. Detroit Reentry Center*, No. 2:19-CV-10894-TGB, 2020 WL 4334964, at *2 (E.D. Mich. July 28, 2020) (stating "[a] state prison facility is not a person . . . capable of being sued under § 1983"); *Ward v. Healthcare Clinic*, No. 16-10646, 2016 WL 3569562, at *1 (E.D. Mich. July 1, 2016) (same); *Poole*, 2009 WL 2960412, at *1 (same).

To the extent that Plaintiff named MBP Health Services in an attempt to hold all staff members within that department liable for the alleged Eighth Amendment violations, he has failed to state a claim for relief. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 555–61 (holding that, to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). "Summary reference to a single, five-headed 'Defendants' [or officers or staff] does not support a reasonable inference that each Defendant is liable . . . ." *Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019) (citation omitted).

Accordingly, for all of the foregoing reasons, the Court will dismiss Plaintiff's claims against MBP and MBP Health Services.

B.    **Defendant Unknown Party #1 (Sally)**

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes, U.S. Const. amend. VIII, and the Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104–05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component,

7

the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004); *see also Phillips v. Roane Cnty.*, 534 F.3d 531, 539–40 (6th Cir. 2008). Obviousness, however, is not strictly limited to what is detectable to the eye. Even if the layman cannot see the medical need, a condition may be obviously medically serious where a layman, if informed of the true medical situation, would deem the need for medical attention clear. *See, e.g.*, *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005) (holding that prisoner's severed tendon was a "quite obvious" medical need that "any lay person would realize to be serious," even though the condition was not visually obvious).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind" in denying medical care. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. To prove a defendant's subjective knowledge, "[a] plaintiff may rely on circumstantial evidence . . . : A jury is entitled to 'conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'" *Rhinehart v. Scutt*, 894 F.3d 721, 738 (6th Cir. 2018) (quoting *Farmer*, 511 U.S. at 842).

8

However, not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the United States Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Id.* at 105–06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017); *Briggs v. Westcomb*, 801 F. App'x 956, 959 (6th Cir. 2020); *Mitchell v. Hininger*, 553 F. App'x 602, 605 (6th Cir. 2014). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). If "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Rouster v. Cnty. of Saginaw*, 749 F.3d 437, 448 (6th Cir. 2014); *Perez v. Oakland Cnty.*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006); *Edmonds v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440–41

9

(6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998). "Where the claimant received treatment for his condition, . . . he must show that his treatment was 'so woefully inadequate as to amount to no treatment at all.'" *Mitchell*, 553 F. App'x at 605 (quoting *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)). The prisoner must demonstrate that the care the prisoner received was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *See Miller v. Calhoun Cnty.*, 408 F.3d 803, 819 (6th Cir. 2005) (quoting *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989)).

### 1.     **Objective Component**

As to the objective component, Plaintiff alleges facts regarding two distinct medical conditions—his need for an inhaler to control his asthma, and cuts, marks, and a swollen wrist after an incident when he was handcuffed.

With respect to Plaintiff's injuries to his wrist from the handcuffs, these injuries are not sufficiently serious to establish the objective component of his Eighth Amendment claim for inadequate medical care. *See Lockett v. Suardini*, 526 F.3d 866, 877 (6th Cir. 2008) (citing *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004)) (injuries such as minor cuts, minor lacerations, and swollen wrists from tight handcuffs are not a sufficiently serious condition for purposes of an Eighth Amendment deliberate indifference claim). For that reason alone, Plaintiff's Eighth Amendment claims premised upon a lack of medical care for his wrist are subject to dismissal.

With respect to Plaintiff's asthma, the Sixth Circuit has concluded that "the symptoms associated with an asthma attack—wheezing, difficulty breathing, tightness in the chest—are quite obvious and recognizable even to a lay person." *Harrison v. Ash*, 539 F.3d 510, 518–19 (6th Cir. 2008). However, while asthma symptoms may be serious, a diagnosis of asthma, standing alone, does not necessarily constitute a serious medical condition. *See Dillard v. Henderson*, No. 4:20-

cv-P185, 2021 WL 3134252, at *2 (W.D. Ky. July 23, 2021) ("Courts generally agree that the diagnosis of asthma alone is not enough to establish a sufficiently serious medical need under the Eighth Amendment."); *McMurry v. Caruso*, No. 1:07-cv-905, 2009 WL 198519, at *7 (W.D. Mich. Jan. 27, 2009) (finding that the plaintiff's mere diagnosis of asthma was insufficient to establish the objective component of the plaintiff's deliberate indifference claim). Instead, courts distinguish the mere "existence of the condition . . . from the situation in which an inmate is suffering an actual attack." *Patterson v. Lilley*, No. 02 Civ.6056, 2003 WL 21507345, at *4 (S.D.N.Y. June 30, 2003); *see Board v. Farnham*, 394 F.3d 469, 484 (7th Cir. 2005) ("We have previously held that asthma can be, and frequently is, a serious medical condition, depending on the severity of the attacks." (citing *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001))); *Crosby v. Perry*, No. 4:09-cv-139, 2010 WL 2464887, at *6 (M.D. Ga. June 14, 2010) (noting that "courts must look to the seriousness of the condition at the time of the events alleged in the complaint" (citing, among others, *Williams v. Rodriguez*, 509 F.3d 392, 401–02 (7th Cir. 2007))). As one court has observed, "[i]t is common knowledge that some asthma 'attacks' are mild and brief in duration, while others are severe, prolonged, and even life threatening. Courts recognize this distinction and refuse to fashion a rule that every instance of failure to treat a prisoner's asthma rises to the level of a constitutional claim." *Thomas v. Mikell*, No. 608-012, 2008 WL 2156362, at *2 (S.D. Ga. May 22, 2008) (footnote omitted). The *Thomas* court also noted that in considering whether a plaintiff's asthma symptoms constituted an objectively serious condition, most courts "have required a showing that the asthma attack was severe or that it led to physical harm." *Id*. (collecting cases).

Thus, courts consider mild asthma symptoms, or asthma that can be controlled with inhalers or other medications, a non-serious condition for purposes of the Eighth Amendment. *See*

11

*Wright v. J & S Extradition Servs.*, No. 3:11-0464, 2012 WL 1681812, at *6 (M.D. Tenn. May 11, 2012) ("Asthma that '[can] be managed with "with the use of inhalers and other medication . . .,"' is not a serious health condition for the purposes of the Eighth Amendment." (quoting *Jones v. Caruso*, 421 F. App'x 550, 552 (6th Cir. 2011))); *Stoneman v. Thompson*, No. 3:03CV716, 2005 WL 3881432, at *4 (E.D. Va. Apr. 19, 2005) (finding the plaintiff's asthma not serious where the record indicated that it "was well-controlled without the need for more rigorous monitoring"). This Court has concluded that asthma symptoms that can be resolved "by doing some slow breathing" are not sufficiently serious. *Reeves v. Jaramillo*, No. 4:04-cv-125, 2005 WL 2177238, at *4 (W.D. Mich. Sept. 8, 2005) (citing *Bates v. Sullivan*, 6 F. App'x 425, 428 (7th Cir. 2001) and *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999)).

Here, Plaintiff alleges only that he suffers from asthma, is prescribed an inhaler, and suffered asthma attacks. Plaintiff provides no facts regarding the severity of those attacks. It is certainly possible that Plaintiff's asthma attacks may not be severe. It is also possible that Plaintiff's asthma is well-controlled with use of an inhaler and that without one, he suffers from asthma attacks. Nonetheless, at this stage of the proceedings, under *Harrison*, Plaintiff's allegations regarding his symptoms support an inference that his asthma constitutes a serious medical need.

### 2.   Subjective Component

Turning to the subjective component—i.e., the requirement that a plaintiff alleges sufficient facts to show that "the official [or medical provider was] both . . . aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]," and that the official or medical provider "also dr[e]w the inference," *Farmer*, 511 U.S. at 837—the Court addresses Plaintiff's allegations against Defendant Unknown Party (Sally) below.

First, to the extent Plaintiff seeks to hold Defendant Unknown Party liable for failing to treat the injuries to his wrist, Plaintiff fails to allege any facts from which the Court could infer that Defendant Unknown Party was personally aware of those injuries. As discussed above, the injuries to Plaintiff's wrist do not constitute serious medical needs. Moreover, when setting forth his allegations regarding his wrist, Plaintiff references an unnamed doctor and a male nurse. (Compl., ECF No. 1, PageID.5.) Nowhere does he mention Defendant Unknown Party in those allegations. Accordingly, any Eighth Amendment claims premised upon a lack of medical care for his wrist asserted against Defendant Unknown Party will be dismissed.

Turning to Plaintiff's asthma, Plaintiff alleges that on March 12, 2025, he saw Defendant Unknown Party during the medication line. (Compl., ECF No. 1, PageID.3) Defendant Unknown Party asked Plaintiff if he had an inhaler to trade for a new one. (*Id.*) Plaintiff responded that he had already spoken to the doctor about replacing the one he had lost. (*Id.*) Defendant Unknown Party did not give Plaintiff an inhaler. (*Id.*) That night, Plaintiff suffered an asthma attack. (*Id.*) He suffered another attack on March 21, 2025. (*Id.*) He alleges further that he suffered a few attacks from July until September of 2025. (*Id.*, PageID.4.)

In light of these assertions, Plaintiff has not sufficiently alleged that Defendant Unknown Party disregarded a substantial risk of serious harm to Plaintiff. Notably, Plaintiff did not see Defendant Unknown Party for an examination; he saw her during the medication line. Plaintiff does not allege any facts suggesting that Defendant Unknown Party was aware that Plaintiff would suffer from asthma attacks without the use of an inhaler. For example, Plaintiff's complaint is devoid of facts suggesting that he had suffered from any such attacks prior to talking to Defendant Unknown Party on March 12, 2025. Likewise, nowhere in Plaintiff's complaint does he set forth facts from which the Court could infer that Defendant Unknown Party was aware of the attack that

Plaintiff suffered on March 21, 2025, or that she was aware that Plaintiff had not received a new inhaler between July and September and continued to experience sporadic attacks. Indeed, Plaintiff only alleges that he had the one interaction with Defendant Unknown Party on March 12, 2025.

Accordingly, because Plaintiff has failed to allege sufficient facts to suggest that Defendant Unknown Party was deliberately indifferent to a risk of harm, Plaintiff's Eighth Amendment claims against Defendant Unknown Party will be dismissed.

## Conclusion

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $605.00 appellate filing fee pursuant to § 1915(b)(1). *See McGore*, 114 F.3d at 610–11.

A judgment consistent with this opinion will be entered.

Dated:   September 25, 2025              /s/ Ray Kent
                                         Ray Kent
                                         United States Magistrate Judge